The opinion of the Court was delivered by
Waedlaw, J.
The clause of the will before us, which directly concerns this case, if divested of words concerning other persons and things which it contains, would stand thus — • “ I give to my grand-son, Nathaniel Lyon, and the lawful heirs of his body, one negro girl named Martha; the said Nathaniel Lyon dying without lawful heirs of his body, the said girl and her increase shall be returned and equally divided between my son, William Lyon, and my daugter, Mary Norwood.” The question is, whether the limitation to William Lyon and Mary Norwood is good as an executory bequest, or is too remote.
If this clause should be altered by substituting for what follows “increase,” these words, viz.: shall go to my son William Lyon, it would be difficult to select technical terms which would, more plainly than the clause thus altered, express a direct bequest of such interest in personal property, as would be a fee conditional in land, and of course a fee simple in personalty, and a limitation of such personal property upon the contingency of an indefinite failure of heritable issue. The intention of the testator to pass the property ove^r, upon the happening of the contingency, would be plain, but the law would not permit the intention to prevail, and would vest the whole interest in the first taker.
That which would be made so plain, by the alteration sug *309 gested, must be applicable to tbe clause as it stands, unless a difference is made by the words which follow “ increase.” That difference is insisted upon; and to meet the force of the technical words which the testator has used, reliance is placed upon these matters. 1. The limitation was to persons in esse. 2. It was to the testator’s children. 3. The words “ equally divided.” 4. The words “ shall be returned and divided.”
1 and 2. That the persons to whom a limitation over is made, are in esse, has often been held to be of no avail in a question of remoteness. In Henry vs. Felder, 2 McC. Ch. 343, Judge Colcoek says, “ that the case put in all the books to illustrate the rule, is a limitation over to one in esse.” See also Oox vs. Fuels, in the Court of Errors, 5 Rich. 604; Beauclerk vs. Dormer, 2 Atk. 314. The same cases, and many others cited in them, show that the circumstances of the limitation being to the' testator’s children, nominatim, or as a class, gives no aid in the attempt to show what must be shown before the limitation can be held good; that the testator clearly intended that the contingency, if it happened, should happen within the period prescribed by law. If the children in esse here took any interest, it was a transmissible interest, and the testator may then have intended (and probably did intend), that if his grandson’s descendants should fail in the next, or any subsequent generation, so much of Martha and her increase as might then subsist, should be enjoyed by the representatives of his son and daughter. It was likely that the grandson would outlive thé children, and that Martha would have increase.
3. “ Equally to be divided,” affects the manner of enjoyment which was contemplated, but indicates nothing as to the time when it was to commence. The mode of division, per stirpes or per capita, equally or unequally, does not touch the question concerning a restriction imposed upon the happening of the contingency. A limitation to several stands in the same predicament as a like limitation to one. Shephard vs. Shephard, 2 *310 Rich. Eq. 142; Robinson vs. McDonald, 2 Kelly’s Geo. Rep. 120.
4. The main reliance in this case has been placed upon the words, “shall be returned and divided.” These have been supposed to show in some way that a coming back to the executor, or to the remainderman, during a life in being, was contemplated. If in much more plain terms, the intervention of the personal representative of the testator, for the purpose of making division, was indicated, an executor of the executor, or an administrator de bonis non, might long after the time prescribed for limitations exercise the rights and powers of the executor; and if no vesting of the contingent interest, without the intervention of such representative, was intended,this action should have been in the name of the executor. Even plain terms, which would show a reference to the character or office of executor, and not to his person, would not then have the effect of expressing a restriction of time. The terms here used are however such as have never been considered effective. In Guery vs. Vernon, 1 N. & McC. 75, Judge Cheves considered return to be a synonyme for go or pass, but seems to have thought, that if any other meaning was to be put upon it, it implied a coming back to the succession provided by the limitation, after an indefinite failure. It may not, to all persons, as it does to me, suggest that the notion of distant future was in the mind of him who used it; but certainly it does not more than either of its synonymes abovementioned, indicate a limitation of time. The cases of Brummet vs. Barber, 2 Hill, 552, and Cordes vs. Ardrian, 1 Hill, 154, have been cited, because, in both cases, the word return was used, and the limitations were held good; but the first of these cases was decided upon the force of the word children, as distinguished from issue ; and the second depended upon the words other surviving children. (See Treville vs. Ellis, Bail. Eq. 40; Stevens vs. Patterson, Bail. Eq. 46; Massey vs. Hudson, 2 Mer. 130.) The case of Keily vs. Fowler, 3 Brown’s Par. Cases, 299, is, however, most pressed *311 for the plaintiff. That case bas often been commented on. (See Fearne. Con. Rem. 482; 2 Rop. on Leg. 1555 ; 1 Jarm. on Wills, 319 — 446; Lewis on Perpet. 357, and cases there cited; 1 T. R. 596; 4 Less. Eq. 316.) The words “return back to my executors to be distributed,” were used; but the marriage of a daughter without the consent of the executors was one of two contingencies, and there were various “ other indicia of intention furnished by the will, which were evidently unfavorable to the supposition that the testator had in his contemplation an indefinite expectancy.” It is vain to look for such indicia in the will before us; indeed, if it was not enough to rely upon the absence of expressions to show that the testator has subjected the contingency to the required restriction, a reference to other clauses of this will might strengthen the legal conclusion, that he has undertaken to limit over, after an indefinite failure of the descendants of the first taker.
The limitation over is considered too remote.
Motion granted.
WITHERS, Glover, and Muero, JJ., concurred.
O’Neall, J. I dissent. The limitation over is good.

Motion granted.